IN THE DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
TEXAS IN LUBBOCK

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CAUSE NO. 5:19-CR-00130-H-BQ-1 |
| § | |
| AIDAN BRUCE-UMBAUGH, § | |
| Defendant § | |

## MOTION FOR REVIEW OF DETENTION ORDER

**I.   Procedural History**

On Friday, November 15, 2019, the magistrate court entered and signed an order detaining Aidan Bruce-Umbaugh without bond after proper notice and hearing. Pursuant to 18 U.S.C. § 3145(b), Mr. Bruce-Umbaugh now asks the District Court to review the Order of Detention Pending Trial, to overrule said order, and to grant conditions of bond.

In the order, the Magistrate Court found significant the following factors:

1. The weight of evidence against Defendant is strong;

2. The Defendant's lack of stable employment;

3. The Defendant's lack of stable residence; and

4. The Defendant's lack of significant community or family ties to this district.

**II.   Detention Hearing**

Mr. Bruce-Umbaugh's family and nearly all of his previous employers are all located in Washington State. Mr. Bruce-Umbaugh's most recent employment was in Albuquerque, New Mexico where he resided with his fiancé, Edie Moore who was working as a travel nurse. Proffered information explained Mr. Bruce-Umbaugh could live with Ms. Moore and her family in Spokane, Washington. Further, Ms. Moore has agreed that she will not only house Mr. Bruce-

Umbaugh but will also supervise him as a third-party custodian. She has assured counsel that Mr. Bruce-Umbaugh will be present for all court.

Additionally, Mr. Bruce-Umbaugh has held steady employment in the past doing security and working in the restaurant business. He has only been unemployed for approximately six months prior to his arrest. Unemployment is not typical for him, and if he were released, he has expressed willingness to find employment quickly.

Mr. Bruce-Umbaugh has no criminal history. Whereas in other circumstances, it may be reasonable to find a repeat offender a flight risk, it is not the case for Mr. Bruce-Umbaugh. As someone who has never been in trouble with the law, Mr. Bruce-Umbaugh's priority is ensuring that the matter before the Court is handled efficiently and that he remains cooperative with counsel and with the Court.

Additionally, as was found by the magistrate court, Mr. Bruce-Umbaugh is not a danger to the community. Therefore, allowing him to be released would neither pose any threat to the individuals of that community, increasing the likelihood that he would become a flight risk.

Further, courts consider the following factors in determining whether there are conditions of release that will reasonably assure the defendant appears: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; and (3) the defendant's personal history and characteristics. *United States v. Rueben,* 974 F.2d 580, 586 (5th Cir.1992).

The offense charged is not a crime which should cause the Court to believe Mr. Bruce-Umbaugh is a flight risk like an evading or fleeing charge would. Although the magistrate court found that the weight of the evidence against Mr. Bruce-Umbaugh is strong, he has not pled guilty nor been tried in a court of law; therefore, he is still presumed innocent.

Additionally, courts have found the "weight of the evidence" factor to be of least importance in determining detention. *See, e.g., United States v. Winsor,* 785 F.2d 755, 757 (9th Cir.1986); *United States v. Barnett*, 986 F.Supp. 385, 393 (W.D.La.1997).

Lastly, and most significantly, Mr. Bruce-Umbaugh has no criminal history. There is nothing in Mr. Bruce-Umbaugh's past which would indicate he is a flight risk. Merely being charged with an offense in a foreign state should not be dispositive in labeling an individual a flight risk.

### III.   Conclusion

Given the evidence produced, Mr. Bruce-Umbaugh respectfully moves this Court to review the record and determine that Mr. Bruce-Umbaugh should be granted the release from detention and the bond he seeks.

Should the Court not find from the record the Government did not meet their burden by clear and convincing evidence that no condition or combination of conditions of release would reasonable assure the safety of any other person and the community nor meet their burden of preponderance of evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required; Mr. Bruce-Umbaugh asks the District Court to set a hearing to review his circumstances, and then grant bond in accordance with the conditions the District Court believes will ensure his appearance in Court and protect the community.

Respectfully submitted,

/s/ Michael King
Michael L. King
King Law, P.C.
Texas Bar No. 24049082
814 Main Street, Ste. B
Lubbock, Texas 79401
Phn: 806-478-1322
Fax: 806-478-1320

**CERTIFICATE OF CONFERENCE**

I, Michael L. King, certify that I have conferred with the Assistant U.S. Attorney assigned to this matter regarding the filing of the foregoing and said A.U.S.A. does oppose said motion.

/s/Michael L. King_____

Michael L. King

**CERTIFICATE OF SERVICE**

I, Michael L. King, certify that on the 19th day of November 2019, a copy of the foregoing was filed through the Electronic Case Filing ("ECF") System constituting service of this document to the United States Attorney for the Northern District of Texas, who is an ECF user.

/s/Michael L. King_____

Michael L. King