UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>AIDEN BRUCE-UMBAUGH,<br><br>    Defendant. | No. 5:19-CR-130-H |

**ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION OF DETENTION**

Before the Court is defendant Aiden Bruce-Umbaugh's Motion for Review of Detention Order. Dkt. No. 21. Defendant Aiden Bruce-Umbaugh has asked the Court to reconsider the magistrate judge's order detaining him pending trial. After conducting a de novo review of the detention order, the transcript of the detention hearing, the Motion for Review of Detention Order, and the government's response, the Court finds that the motion should be denied because there is no condition or combination of conditions that will reasonably assure Bruce-Umbaugh's appearance and, in any event, because Bruce-Umbaugh would pose a danger to others and to the community if released.

**1.    Background**

On November 13, 2019, Aiden Bruce-Umbaugh was indicted by a federal grand jury for Possession of Firearms and Ammunition by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The government moved to detain Bruce-Umbaugh pending trial, asserting that he was both a flight risk and a danger to others and to the community. Dkt. No. 17.

On November 14 and 15, 2019, Magistrate Judge D. Gordon Bryant conducted a thorough detention hearing. Judge Bryant found that there were no conditions that could be imposed to assure the defendant's appearance and ordered that Bruce-Umbaugh be remanded to custody and detained pending trial. Dkt. Nos. 18, 19. A review of the transcript of the proceedings indicates that Judge Bryant based his Order of Detention on the direct and cross-examinations of the government's witness, testimony by proffer by the defendant's attorney, and the government's exhibits.

**2.     Legal Standard**

Under the Bail Reform Act, a defendant shall be released pending trial "unless a judicial officer determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). For pretrial detention to be imposed, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient; both are not required. *Id.* at 799. But detention can be ordered only in a case that involves one of the six circumstances listed in 18 U.S.C. § 3142(f). *See United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992).

A "serious risk" that the defendant will flee is one of the six circumstances warranting detention if there are no release conditions that will reasonably assure the appearance of the defendant when required. 18 U.S.C. § 3142(f)(2)(A). In evaluating whether there are conditions of release that will reasonably assure the defendant's appearance at trial and the safety of others and the community, this Court must consider the factors laid out by 18 U.S.C. § 3142(g). Those factors are:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence against the person;

3. The history and characteristics of the person, including (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (B) whether at the time of the current offense or arrest the defendant was on probation or parole; and

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g)(1)-(4).

In determining whether risk of flight warrants detention, a preponderance standard applies: "[T]he judicial officer should determine, from the information before him, that it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance." *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Araneda*, 899 F.2d 368, 370 (5th Cir. 1990) ("Pretrial detention is warranted if the Government shows by a preponderance of the evidence that the accused person poses a serious flight risk.").

When the district court considers a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release. *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1982). Moreover, a district court, having had the magistrate judge's ruling properly before it, may make additional findings based on its independent consideration of the record before the magistrate judge "as unfettered as it would be if the district court were considering whether to amend on its own action." *Fortna*,

769 F.2d at 249–50.  The rules concerning admissibility of evidence in criminal trials do not apply at the presentation and consideration of information at the hearing.  *Id.* (citing 18 U.S.C. § 3142(f)).

The court's review of the record developed before the magistrate judge is an appropriate procedure to comply with its obligation to conduct de novo review of a detention order.  *See, e.g.*, *United States v. Farguson*, 721 F. Supp. 128, 129 n.1 (N.D. Tex. 1989) (Fitzwater, J.).  When conducting review of a detention order under 18 U.S.C. § 3145(b), the court retains the discretion to hold or not to hold another hearing or to receive additional evidence.  *See United States v. Anderson*, 2014 WL 2764747, at *3 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *United States v. Dominguez*, 783 F.2d 702, 708 n.8 (7th Cir. 1986); *United States v. Shaker*, 665 F. Supp. 698, 704 (N.D. Ind. 1987)).  The Court declines to convene a second detention hearing where, as here, no showing has been made that such a hearing is warranted.

3. **Discussion**

The Court has conducted a de novo review of the detention order and the transcript of the detention hearing, and it carefully reviewed Bruce-Umbaugh's Motion for Review of Detention Order.  The Court finds that the motion should be denied because the government has proved by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure Bruce-Umbaugh's appearance.  Additionally, and in any event, the Court finds that clear and convincing evidence establishes that Bruce-Umbaugh, if released, would pose a danger to others and to the community.

The first two factors—the nature of circumstances of the offense charged and the weight of the evidence against the person—weigh in favor of detention. Bruce-Umbaugh is charged with Possession of Firearms and Ammunition by a Prohibited Person. Dkt. No. 9. 18 U.S.C. § 3142(g)(1) provides a list of offenses which weigh in favor of detention. Within these enumerated offenses are offenses involving "a minor victim or a controlled substance, firearm, explosive, or destruction device." *Id.* The offense for which Bruce-Umbaugh has been charged under 18 U.S.C. § 922(g) is by definition a firearm offense. *See United States v. Daniels*, 2018 U.S. Dist. LEXIS 14499, *9 (N.D. Tex. January 30, 2018) (Fitzwater, J.) (finding that a defendant charged with Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(9) was charged with a firearm offense for purposes of pretrial-detention review).

Further, the weight of the evidence against Mr. Bruce-Umbaugh is extensive. The defendant was found with marijuana in his possession as well as multiple firearms. Tr. 91. He has admitted to possessing the marijuana and firearms. *Id;* Dkt. No. 1 at 7, ¶ 1. The weapons involved crossed state lines, traveling in or affecting commerce. Tr. 91; Dkt. No. 1 at 7, ¶ 20. Moreover, based on Bruce-Umbaugh's admissions, he engaged in the regular use of a controlled substance at a time proximate to the possession of firearms. Tr. 91–92, Dkt. No 1 at 7, ¶ 19. Thus, the first and second factors under 18 U.S.C. § 3142(g) weigh in favor of detention.

The third factor—the history and characteristics of the person—weighs heavily in favor of detention. This inquiry involves evaluating the defendant's family ties, employment, length of residence, and community ties. 18 U.S.C. § 3142 (g)(3), (4). The defendant is a resident of Washington state and has no connection to the Northern District

or the State of Texas.  He maintains no employment in Texas and has no family, property, financial interest, or other community ties that would incentivize him to return to Lubbock.  Dkt. No. 21 at 1; Tr. 64–69.  At the time of his arrest, the defendant was unemployed and does not own or lease a residence.  Tr. 94.  Indeed, in a recorded phone call, Bruce-Umbaugh indicated that at the time of arrest, he was homeless.  Tr. 51.  While he may have previously maintained steady employment, that was not the case for the six months preceding his arrest.  Dkt. No. 21 at 2.

The defendant's argument that he may reside with his fiancée, who may someday gain employment in New Mexico but currently resides in Washington state with her family, does not reassure the Court.  Tr. 68.  Additionally, acknowledging his fiancée's profession as a travelling nurse, the Court shares Judge Bryant's concerns that the defendant would either travel the country with his fiancée as a result of her profession, rendering monitoring difficult, if not impossible, or reside in Washington state with his fiancée's family.  Tr. 95.  Bruce-Umbaugh has provided no reason that his fiancée or her family have an interest in assuring the defendant's appearance for proceedings 1,500 miles from home.  *Id.*  And while the Court recognizes that Bruce-Umbaugh has no criminal history and thus no previous record of failing to appear at court proceedings, Dkt. No. 21 at 2, the Court, in combination with the other Section 3142(g) factors, weighs heavily that he has no ties to this community and no stable employment or residence to which he may be released.

The final factor the Court considers is the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  The Court finds that this factor also weighs in favor of detention.  Upon his arrest, Mr. Bruce-Umbaugh made statements on a recorded line that it was "probably a good thing that police caught him off

6

guard" when they pulled him over. Tr. 31. In the vehicle, police discovered three assault rifles and a pistol, marijuana, and approximately 2,000 rounds of ammunition, including high-capacity magazines and ammunition that did not match any firearms in their possession. Tr. 38–39; Dkt. No. 23 at 1. The driver of the vehicle, Kaleb Cole, has been designated by Canada as a terrorist threat and has had his weapons removed by the State of Washington. Tr. at 27–28. Additionally, Bruce-Umbaugh said that his arrest in this case augments the extent to which he "hate[s] the f'ing pig system." Tr. 31. Given the combination of an avowed hatred of law enforcement, extreme firepower, and admitted substance abuse, the Court finds that the fourth factor weighs in favor of detention.[1] His conduct and statements undermine his assertion that, if released, he would comply with the Court's orders, respect the Court's monitoring requirements, and appear in the Northern District of Texas as required.

Therefore, after analyzing each of the Section 3142(g) factors, and considering them in combination, the Court finds that there is no condition or combination of conditions that can be imposed that will reasonably assure the defendant's appearance at trial. Bruce-Umbaugh's motion for reconsideration of the order of detention pending trial is denied.

4. **Conclusion**

The Court, having considered Bruce-Umbaugh's Motion to Review of Detention Order, the transcript of the detention hearing, and Judge Bryant's Order of Detention, finds that the motion should be denied. The evidence presented at the detention hearing, taken as a whole, establishes that Bruce-Umbaugh lacks any ties to this area. The weight of the

---

[1] Based on this dangerous combination of circumstances, and after consideration of the Section 3142(g) factors, the Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community if Bruce-Umbaugh were released pending trial.

evidence against him is strong, and the charge against him is a serious one. He has no stable employment or residence, and his proposal of residing with his fiancée, who he posits may serve as a third-party custodian, does not assure this Court of his future appearance for the reasons stated above. Thus, the Court finds that there is no condition or combination of conditions that will reasonably assure his appearance. Additionally, the Court finds that Bruce-Umbaugh poses a danger to others and to the community if released as discussed.

So ordered on November 26, 2019.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE