IN THE DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CAUSE NO. 5:19-CR-00130-H-BQ-1 |
| | § | |
| AIDAN BRUCE-UMBAUGH, | § | |
| Defendant | § | |

**RESPONSE TO MEDIA'S REQUEST
FOR DETENTION HEARING EXHIBITS**

Aidan Bruce-Umbaugh, by counsel, files this Response to Media's Request for Detention Hearing Exhibits.

### I.   Procedural History

On November 13, 2019, Mr. Bruce-Umbaugh was indicted with one count of Possession of a Firearm by an Unlawful User and Addict of a Controlled Substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). On the same date, a detention hearing was held. The detention hearing lasted two days. Over the two-day period, the government introduced 14 exhibits. On Friday, November 15, 2019, the magistrate court entered an order detaining Mr. Bruce-Umbaugh without bond. Mr. Bruce-Umbaugh filed a motion requesting the district court to review the order of detention. The district court denied Mr. Bruce-Umbaugh's Motion for Reconsideration. Mr. Bruce-Umbaugh is scheduled for jury trial on January 13, 2020. There exist related state cases, Cause No. 12498 and 12499, pending in Garza County, Texas, which will also be scheduled for trial at a later date.

On Tuesday, November 26, 2019, counsel for Mr. Bruce-Umbaugh and the government held a conference call with the magistrate judge. The magistrate judge notified the parties that members of the media made a request of the court to produce copies of the 14 exhibits admitted

during the detention hearing. The magistrate ordered, during the phone call, counsel for Mr. Bruce-Umbaugh and the government to provide a response to the court explaining the position of the parties related to the production of the exhibits introduced at the detention hearing. This response is due to the court by 5:00 P.M., Monday, December 2. Mr. Bruce-Umbaugh **opposes** the media obtaining copies of the exhibits. This response follows:

**II.     The media's presence at detention hearing.**

The media and the public have a constitutional right to attend criminal trials. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 73 L. Ed. 2d 248, 102 S. Ct. 2613 (1982). It is fundamental that the media have a right to be present at a trial. *Cox v. New Hampshire*, 312 U.S. 589, 576-78, 61 S. Ct. 762, 85 L. Ed. 1049 (1941).

The media in the present case were not excluded from any of the proceedings. Even though no effort was made to prevent the media from attending the detention hearing, only one member of the media chose to partake in the open courtroom for the presentation of evidence and argument in this case.

**III.    The media's right to access exhibits produced at the detention hearing.**

While the media have not claimed they were prevented from being physically present during the detention hearing, the media has now requested that the exhibits entered during the detention hearing be provided. This situation is similar to the events in *Nixon v. Warner Communications, Inc.*, 425 U.S. 589, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978). In *Warner*, portions of recordings were played for the jury and all who were present in the courtroom. These recordings were admitted into evidence. The media sought to obtain copies of the exhibits.

In *Warner*, the media argued they had a constitutional and common law right to a copy of the tapes. In addressing the media's complaint, the Supreme Court rejected the media's argument that there existed a constitutional right to obtain copies of the tapes finding no right to these exhibits in the First Amendment's guarantee of freedom of the press or the Sixth Amendment's guarantee of a public trial. 435 U.S. at 608.

While the media has no constitutional right to material presented during a trial, the Supreme Court recognized a general, common-law right to inspect and copy public records and documents. *Id*. at 598. However, this is not an absolute right which the court may exercise supervisory power over the material in its custody. *Id*. at 599. Likewise, the Fifth Circuit has found a common-law right to access courtroom exhibits but has held this right is not absolute. *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429-30 (5th Cir. 1981).

The Supreme Court in *Warner* explained that the media has no further access to the exhibits at issue than did the public that attended the hearings. The Supreme Court explained, "[t]here simply were no restrictions upon press access to, or publication of, any information in the public domain." *Id*. at 609. The media had the right to present information they obtained from attending the trial, but the media was not granted special access to the exhibits the general public did not have. Demonstrating the difference between being allowed to be present in the courtroom where there exists the ability to listen and see the evidence and access to the evidence itself, the Supreme Court further stated:

> [the issue] is not whether the press must be permitted access to public information to which the public generally is guaranteed access, but whether these copies of the White House tapes -- to which the public has never had *physical* access - - must be made available for copying.

*Id*. (emphasis in original). Ultimately, the Supreme Court determined the evidence in *Warner* was not to be released. *Id*. at 610

USA *v.* BRUCE-UMBAUGH          5:19-CR-00130-H-BQ-1

3

In proscribing a test to determine whether the media should have access to courtroom exhibits, the Fifth Circuit explains, "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id*. at 431 (citing 435 U.S. at 599, 98 S. Ct. at 1312-13).

"A heavy obligation rests on trial judges to effectuate the fair-trial guarantee of the Sixth Amendment." *United States v. Columbia Broadcasting System, Inc.*, 497 F.2d 102, 104 (5th Cir. 1974). "Given the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of the jurors, the trial courts must take strong measures to ensure that the balance is never weighed against the accused." *Sheppard v. Maxwell*, 384 U.S. 333, 362, 86 S. Ct. 1507, 1522, 16 L. Ed. 2d 600 (1966).

The particular facts of the present case demonstrate this Court should prevent access to the exhibits at issue. This case has already garnered much pretrial publicity, both regionally[1] and nationally.[2] Distribution of these exhibits to the media will further stir publicity, drastically reducing the possibility Mr. Bruce-Umbaugh will receive a fair trial. This factor alone should prescribe denial of the production of

---

[1] Samantha Jarpe, *Suspected neo-Nazi charged with gun crime in Post*, Everything Lubbock (Nov. 14, 2019, 10:48 PM), https://www.everythinglubbock.com/news/local-news/suspected-neo-nazi-charged-with-gun-crime-in-post/.

[2] Asher Stockler, *Alleged Neo-Nazi Charged with Illegal Possession of Semi-Automatic Rifles, Thousands of Rounds of Ammunition*, Newsweek (Nov. 15, 2019 at 1:24 PM), https://www.newsweek.com/aiden-bruce-umbaugh-neo-nazi-firearms-1472083.
*Suspected Neo-Nazi charged with gun crime in Texas,* Associated Press (Nov. 15, 2019), https://apnews.com/bff1cca328104d37a4337081f90a5f6e.
Brett Barrouquere, *Suspected Atom Waffen Member Arrested, Charged With Gun Possession*, Southern Poverty Law Center (Nov. 18, 2019), https://www.splcenter.org/hatewatch/2019/11/18/suspected-atomwaffen-member-arrested-charged-gun-possession.
Julia Arciga, *Alleged Member of Neo-Nazi Atomwaffen Division Group Faces Federal Gun Charges, Got Him*, Daily Beast (Nov. 15, 2019, 7:54 PM), https://www.thedailybeast.com/alleged-member-of-neo-nazi-atomwaffen-division-group-faces-federal-gun-charges.

these exhibits to the media. Additionally, the news stories related to this case have sought to sensationalize this case by highlighting some of the very exhibits the media seeks to obtain.[3] While this Court must weigh the media's common-law right to obtain exhibits, that common-law right does not outweigh Mr. Bruce-Umbaugh's constitutional right to a fair trial and the court's desire for orderly proceedings.

Furthermore, phone calls between Mr. Bruce-Umbaugh were introduced into evidence. During the hearing, only portions of Mr. Bruce-Umbaugh's statements were published for the public. The entirety of these phone calls would include conversations by private citizens charged with no crimes. This Court should protect the privacy rights of these disinterested, uninvolved third parties whose names would be thrust into the news should these phone recordings be released.

### IV. Conclusion

Mr. Bruce-Umbaugh's prays this Court deny the media's request for access to the exhibits and find his due process rights outweigh the media's interest.

---

[3] *Suspected Neo-Nazi Member of 'AtomWaffen Division' Terrorist Group Charged With Gun Crime*, CBSDFW.com (Nov 14, 2019, 5:01 PM), https://dfw.cbslocal.com/2019/11/14/suspected-neo-nazi-member-of-atomwaffen-division-terrorist-group-charged-with-gun-crime/ ("Propaganda videos admitted into evidence – which spew hateful rhetoric against Jews – depict members of the AtomWaffen Division at self-described 'hate camps' practicing hand-to-hand combat and shooting firearms.").

USA v. BRUCE-UMBAUGH            5:19-CR-00130-H-BQ-1

        Respectfully submitted,

        /s/ Michael King
        Michael L. King
        King Law, P.C.
        Texas Bar No. 24049082
        814 Main Street, Ste. B
        Lubbock, Texas 79401
        Phn: 806-478-1322
        Fax: 806-478-1320

## **CERTIFICATE OF CONFERENCE**

I, Michael L. King, certify that I have conferred with the Assistant U.S. Attorney assigned to this matter regarding the filing of the foregoing and said A.U.S.A. does oppose said motion.

        */s/Michael L. King*

        Michael L. King

## **CERTIFICATE OF SERVICE**

I, Michael L. King, certify that on the 2nd day of December 2019, a copy of the foregoing was filed through the Electronic Case Filing ("ECF") System constituting service of this document to the United States Attorney for the Northern District of Texas, who is an ECF user.

        */s/Michael L. King*

        Michael L. King