IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 5:19-CR-0130-H |
| AIDEN BRUCE-UMBAUGH | |

**GOVERNMENT'S RESPONSE TO MEDIA'S REQUEST
FOR DETENTION HEARING EXHIBITS**

The United States of America ("the Government"), by and through the United States Attorney for the Northern District of Texas, files its response to the Media's Request for Detention Hearing Exhibits:

**A.     Procedural History**

On November 13, 2019, Mr. Bruce-Umbaugh was indicted with one count of Possession of a Firearm by an Unlawful User and Addict of a Controlled Substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). On the same date, a detention hearing was held. The detention hearing lasted two days. Over the two-day period, the government introduced 14 exhibits.  On Friday, November 15, 2019, the magistrate court entered an order detaining Mr. Bruce-Umbaugh without bond.  Mr. Bruce-Umbaugh filed a motion requesting the District Court to review the order of detention. The District Court denied Mr. Bruce-Umbaugh's Motion for Reconsideration.  Mr. Bruce-Umbaugh is scheduled for jury trial on January 13, 2020.

On Tuesday, November 26, 2019, counsel for Mr. Bruce-Umbaugh and the government held a conference call with the magistrate judge. The magistrate judge notified the parties that members of the media made a request of the court to produce copies of the 14 exhibits admitted during the detention hearing. The magistrate judge ordered undersigned counsel and counsel for the defendant to file a written response explaining the position of the parties related to the production of the exhibits introduced at the detention hearing.  Undersigned counsel has not moved to seal the exhibits as he does not believe a legitimate basis exists to do so.  The United States, therefore, believes the exhibits should be made available to the public and will defer to the court's judgment on releasing the exhibits to the public.

B.     **Applicable Law**

A presumption of openness inheres in the very nature of a criminal trial under our system of justice. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980).  As the defendant correctly acknowledges, the public has a common-law right to inspect and copy judicial records. *Nixon v. Warner, Inc.* 435 U.S. 589, 597 (1978); *See also S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).  This access to judicial records is not absolute, but a district court's discretion to seal the record of a proceeding "is to be exercised charily." *Van Waeyenberghe*, 990 F.2d at 848 (quoting *Federal Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)).  Public access to judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a

better perception of its fairness." *Id*. at 849.  This common-law rule has been referred to as a "strong common law presumption in favor of public access to court proceedings and records."  *United States v. Raybould*, 130 F. Supp.2d 829, 831 (N.D. Tex. 2000) (*quoting Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).  It is true that court documents "often provide[s] important, sometimes the only, bases or explanations for a court's decision." *Id*. at 1177.  "Without access to the proceedings, the public cannot analyze and critique the reasoning of the court." *Id*. at 1178.  Moreover, openness in judicial proceedings "gives assurance that established procedures are being followed and that deviations will become known," enhancing "both the basis fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."  *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 508 (1984).

For the presumption of openness in criminal proceedings to be overcome, an overriding interest must be shown, and any order denying openness must be "based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 510*.*  No such interest exists in the case before the court.  Any concern of undesirable publicity generated by the availability of the exhibits is mitigated, if not eliminated entirely, by the parties' right to voir dire potential members of the jury.  Additionally, all of the exhibits admitted at the detention hearing, with the exception of the jail recordings and photographs from the seizure, are already available in the public domain.  Indeed, the magistrate judge emphasized at the hearing that he did not give much weight to evidence obtained from open sources.

### C. Conclusion

The United States acknowledges the common-law right of the public to inspect and copy judicial records. It further acknowledges the court's discretion to seal records of a proceeding. In so doing, the government defers to the court and its discretion.

    Respectfully submitted,

    ERIN NEALY COX
    UNITED STATES ATTORNEY

    *s/ Russell Lorfing*
    RUSSELL H. LORFING
    Assistant United States Attorney
    Texas Bar No. 24070173
    1205 Texas Avenue, Suite 700
    Lubbock, Texas 79401
    Telephone:   806-472-7351
    Facsimile:   806-472-7394
    E-mail:   Russell.lorfing@usdoj.gov

## CERTIFICATE OF CONFERENCE

The foregoing motion is opposed.  I certify that, on November 27, 2019, Assistant United States Attorney Russell Lorfing conferred with Michael King, counsel for Aiden Bruce-Umbaugh.  During this conference, counsel discussed the merits of the motion and Mr. King expressed his opposition to making the detention hearing exhibits available to the media.

s/ *Russell Lorfing*
Russell H. Lorfing
Assistant United States Attorney

## CERTIFICATE OF SERVICE

On December 2, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49.

s/ *Russell Lorfing*
Russell H. Lorfing
Assistant United States Attorney