IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 5:19-CR-130-H |
| AIDAN BRUCE-UMBAUGH | |

### GOVERNMENT'S UNOPPOSED MOTION FOR FINAL ORDER OF FORFEITURE

The United States of America (the government), asks the Court, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2, to enter a Final Order of Forfeiture, and in support states:

### ENTRY OF PRELIMINARY ORDER OF FORFEITURE

1. Defendant Aidan Bruce-Umbaugh pled guilty to Count One of the indictment that charged violations of 18 U.S.C. § 922(g)(3), and 924(a)(2), and received notice that upon conviction, the government would seek forfeiture of: (1) the AR-15 rifle, serial number X039182; (2) the AR-15 rifle, serial number XK542699; (3) the AK-47 rifle, serial number WW02566; and (4) the Sig Sauer, 9mm pistol, serial number 58A13294; including any ammunition, magazines, and/or accessories recovered with the firearm(s) ("the property"). *See* Plea Agreement and Factual Resume (Dkts. 32 and 33).

2. Pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) and 21 U.S.C. § 853, this court entered a Preliminary Order of Forfeiture forfeiting all of the defendant's right, title, and interest in the property. (Dkt. 47).

3.  This court's Preliminary Order of Forfeiture directed the United States Marshals Service or Federal Bureau of Investigation pursuant to 21 U.S.C. § 853(g), to seize and take custody of the property for disposition according to law.  Further, it required the government to publish notice of its intention to dispose of the property. (Dkt. 47).

## PROPERTY SEIZED AND NOTICE PUBLISHED

4.  The United States Marshals Service or Federal Bureau of Investigation seized the property pending further orders.

5.  The Preliminary Order of Forfeiture was served pursuant to the district court's ECF system as to ECF filers.

6.  Pursuant to 21 U.S.C. § 853(n)(1), beginning on February 26, 2020, and continuing for at least 30 consecutive days, notice of the criminal forfeiture was posted on an official government internet site. (Dkt. 51).

## NO CLAIMS OR PETITIONS FILED

7.  Pursuant to 21 U.S.C. § 853(n)(2), no later than 60 days after the first day of publication on the government website or 30 days after receipt of notice of the forfeiture (whichever is earlier), any person asserting a legal interest in the property may petition the court for a hearing to adjudicate the validity of his or her interest in the property.

8.  No claims or petitions have been filed by any third party requesting a hearing to adjudicate an interest in the subject property, and the statutory time-period in which to do so has expired.

## FINAL CRIMINAL JUDGMENT ENTERED

9. The criminal judgment entered against the defendant on April 28, 2020, included an order of forfeiture as to the defendant's interest in the subject property.

10. No appeal of the judgment has been filed, and the time to appeal the judgment has elapsed.

WHEREFORE, pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2) and Fed. R. Crim. P. 32.2, the United States requests that this court enter a Final Order of Forfeiture as to the property in accordance with the proposed order submitted with this motion.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY


*/s/ Jeffrey R. Haag*
JEFFREY R. HAAG
Assistant United States Attorney
West Texas Branch Chief
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806-472-7351
Facsimile: 806-472-7394
E-Mail: Jeffrey.haag@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that the defendant and the attorney for the defendant have previously agreed to forfeiture of the property as requested, and no petitions to the property have been filed by any third party.

>  */s/ Jeffrey R. Haag*
>  JEFFREY R. HAAG
>  Assistant United States Attorney